UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MEURIS PETERKIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>DOUGLAS CARR, JOSE ALBARRACIN, BRIAN JONES, TAMARA WILLIAMS, ILANA GRUEBEL, REBECCA FORT, and JOHN F. UDOCHI,<br><br>　　　　　　　　　　Defendants. | NOT FOR PUBLICATION<br><br><br>**MEMORANDUM AND ORDER**<br>20-CV-524 (LDH) (LB) |

LASHANN DEARCY HALL, United States District Judge:

　　Plaintiff Meuris Peterkin, proceeding pro se, asserts claims against Defendants Douglas Carr, Jose Albarracin, Brian Jones, Tamara Williams, Ilana Gruebel, Rebecca Fort, and John F. Udochi in an amended complaint pursuant to 42 U.S.C. § 1983 for violations of his First, Fourth, Fifth, Sixth and Fourteenth Amendment rights.[1]  Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)

## BACKGROUND[2]

　　The chronology is not altogether clear from the complaint.  Plaintiff's wife, Toneana Charles-Peterkin, accused Plaintiff of an incident on September 30, 2018 (the "September 30 Incident"), during which she and Plaintiff had a "had a verbal altercation" regarding her fidelity and Plaintiff placed his hands around her neck while their child was present.  (Am. Compl. at 5, ECF No. 6.)

　　Police Officer Albarracin responded to a missing person report, presumably filed regarding Plaintiff's wife, on October 11, 2018 and subsequently "altered the date and time of

---

[1] Plaintiff's request for leave to file an amended complaint is granted.  (ECF No. 6.)
[2] The following facts are taken from the amended complaint and are assumed to be true for the purpose of evaluating this instant motion.  Pagination refers to the pagination assigned by the Court's ECF system.

report to indicate that the incident occurred on October 12, 2018." (Am. Compl. at 5, ECF No. 6.) Plaintiff alleges that he never saw his wife on October 12, 2018. (*Id.*)

On an unspecified date, Detective Carr arrested Plaintiff "suddenly," and "without production of a warrant or complaint." (*Id.*) Plaintiff was handcuffed by Detective Carr and was placed in "a very painful and uncomfortable position" before he was escorted to the 77th Precinct. (*Id.*) After arriving at the precinct, Plaintiff was refused a phone call and not read his *Miranda* rights. (*Id.*) Plaintiff alleges that Detective Carr "circulated a false report to ACS (Administration of Children's Services)," which stated that Plaintiff physically assaulted his wife in the presence of their children by punching her multiple times on October 14, 2018. (*Id.*)

Plaintiff was the respondent in a Family Court trial. (*Id.* at 6.) On June 7, 2019, Tamara Williams, a "child protective specialist," testified falsely about the circumstances and content of an interview she conducted with Plaintiff regarding the September 30 Incident and an October 16 incident. (*Id.* at 5.)

Plaintiff claims that Brian Jones, staff attorney at Brooklyn Defender Services, and Rebecca Fort, who also represented Plaintiff, intentionally failed to abide by Plaintiff's decision to confront his accusers—including Detective Carr and Charles-Peterkin. (*Id.* 3, 5.) Fort secretly engaged in a meeting with Charles-Peterkin. (*Id.* at 5.) Plaintiff complains that both Jones and Fort assisted in the denial of a free and fair opportunity to defend himself, resulting in an adverse ruling. (*Id.* at 5.)

Furthermore, the Honorable Ilana Gruebel, a Family Court judge, denied Plaintiff a fair trial. (*Id.*) Judge Gruebel denied Plaintiff an opportunity to see an oral report that was admitted into evidence and denied Plaintiff the opportunity to file a proposed order to show cause. (*Id.*) John Franklin Udochi of the Bureau of Special Hearings of the New York State Office of

Children and Family Services[3] also denied Plaintiff's access to the report. (*Id.*) Both Judge Gruebel and Udochi were allegedly biased and prejudiced against Plaintiff. (*Id.*)

Lastly, Plaintiff complains that he was detained for one day without food. (*Id.* at 7.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of defendants' liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of defendants' liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [C]ourt must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the [C]ourt must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be

---

[3] Udochi is a designee of the Commissioner of the New York State Office of Children & Family Services, who conducts hearings in which he reviews of ALJ decisions. *See Balbuena v. Mattingly*, No. 05 CIV. 2986 (TPG), 2007 WL 2845031, at *2–3 (S.D.N.Y. Sept. 28, 2007) (discussing that John Franklin Udochi, the State Office of Children & Family Services' designee from the Bureau of Special Hearings, issued a decision affirming an ALJ's decision in a family court case); *see also Liddell v. New York State Office of Children & Family Servs.*, 117 A.D.3d 742, 742, 984 N.Y.S.2d 874 (N.Y. App. Div. 2014) (reviewing a determination of John Franklin Udochi, as designee of the Commissioner of the respondent, the New York State Office of Children and Family Services, dated October 24, 2012, which, after a hearing, affirmed a prior determination of the New York State Office of Children and Family Services dated August 7, 2012, to suspend and revoke the petitioner's license to operate a group family day care home).

held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted).

### I.     Jones and Fort

Plaintiff brings § 1983 claims against two attorneys who represented him in family court proceedings. "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt,* No. 11-CV-5430-KAM, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases). And, relevant here, as Jones is alleged to have worked for a public defender service, court-appointed attorneys do not become state

4

actors by virtue of their appointment by the court. *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."). Accordingly, Plaintiff's § 1983 claims against Jones and Fort are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Williams

Plaintiff alleges that Williams, a child protective specialist for the Administration of Children's Services, falsely testified in a Family Court proceeding. (Compl. at 5.) Witnesses who testify in judicial proceedings are protected by immunity for their testimony, irrespective of the truthfulness of that testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *see also Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (finding that parole officer was entitled to absolute immunity from § 1983 claims for an allegedly perjured affidavit submitted in a habeas corpus proceeding). "This immunity extends to all persons, whether governmental, expert, or lay witnesses, integral to the trial process." *Storck v. Suffolk Cty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 945 (E.D.N.Y. 1999) (citing *Briscoe,* 460 U.S. at 335, and dismissing claims against doctors who testified about suspected child abuse in Family Court proceedings). The only exception to immunity, not alleged here, is the existence of an "extra-judicial conspiracy" between a witness and a prosecutor to present false testimony. *Dory v. Ryan*, 25 F.3d 81, 84 (2d Cir. 1994). Williams is therefore immune from suit, and Plaintiff's claims against her are therefore pursuant to 28 U.S. C. § 1915(e)(2)(B)(iii).

### III. Judge Gruebel and Udochi

Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities, unless taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (detailing scope of judicial immunity). The absolute judicial immunity of the court "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles,* 502 U.S. at 11, 13 (quotations and citations omitted). Judge Gruebel, named in her official capacity, is therefore immune from suit. It is not altogether clear from the complaint the exact role of Udochi, and whether he is an administrative law judge or some other court staff member. In any event, as he is an employee in some capacity of family court, and was named in his official capacity, judicial immunity extends to him as well. *See Treistman v. McGinty*, 804 F. App'x 98 (2d Cir. 2020) (affirming district court's determination that family court employees were immune from suit). Claims against Judge Gruebel and Udochi are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### IV. Carr and Albarracin

Plaintiff's Fifth Amendment claim for Carr's failure to give *Miranda* warnings is not cognizable. An interrogator's failure to inform a plaintiff of his rights under *Miranda v. Arizona* "does not, without more, result in § 1983 liability. While a defendant has a constitutional right not to have a coerced statement used against him, a defendant does not have a constitutional right to receive *Miranda* warnings." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998); *Leogrande v. New York*, 08-CV-3088, 2013 WL 1283392, at *9 (E.D.N.Y. Mar. 29, 2013) ("It is well settled that the mere failure to read a suspect his *Miranda* warnings is not a constitutional violation in and of itself, and is therefore not the

6

basis for a Section 1983 claim."). Any Fifth Amendment claim is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's Fourth Amendment claim for false arrest and Fourteenth Amendment claim for deprivation of food against Carr and Albarracin may proceed.

## CONCLUSION

For the reasons set forth above, all of the claims against defendants Brian Jones, Tamara Williams, Ilana Gruebel, Rebecca Fort, and John F. Udochi are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). No summonses shall issue against these defendants. Plaintiff's Fourth and Fourteenth Amendment claims may proceed against defendants Douglas Carr and Jose Albarracin.

The Court respectfully directs the Clerk of Court to amend the caption to include each of the defendants named in the Amended Complaint, to issue summonses against defendants Carr and Albarracin, and to send a courtesy copy of the complaint to the Corporation Counsel for the City of New York. Administrative Order 2020-12, as amended by Administrative Order 2020-19-1, suspends the United States Marshal's service of process during the current national coronavirus emergency. Once service of process is reinstated, the summonses, complaint and this order shall be served upon defendants Carr and Albarracin without prepayment of fees. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      December 7, 2020  L A SHANN D E ARCY HALL
                                  United States District Judge